

**NUMBER 13-09-00393-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**MYRON DENARD LEGER,**                                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                          **Appellee.**

---

**On appeal from the 252nd District Court
of Jefferson County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Vela
Memorandum Opinion by Chief Justice Valdez**

Appellant, Myron Denard Leger, pleaded guilty to assault of a family member, a third-degree felony. *See* Tex. Penal Code Ann. § 22.01(a)(1), (b) (Vernon Supp. 2009). On October 20, 2008, the trial court deferred a finding of guilt, placed Leger on community supervision for five years, and ordered him to pay various fees, including a $750 fine and $215 in court costs. The State filed a motion to revoke and on June 1, 2009, Leger

pleaded "true" to four allegations of violations of the terms of his community supervision.[1] The trial court adjudicated Leger guilty and sentenced him to ten years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice and ordered him to pay $635 in court costs.  This appeal ensued.

Leger's appellate counsel, concluding that "there are no meritorious claims of appeal," filed an *Anders* brief, in which he reviewed the merits, or lack thereof, of the appeal.  We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), Leger's court-appointed appellate counsel has filed a brief with this Court, stating that his review of the record yielded no grounds or error upon which an appeal can be predicated.  Although counsel's brief does not advance any arguable grounds of error, it does present a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal.  *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Leger's counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment.  Counsel has informed this Court that he has:  (1)

---

[1] Leger pleaded "true" to failing to report to the probation department, failing to work faithfully at suitable employment, providing a urine sample that showed the presence of the metabolic by-product of Phencyclidine, a controlled substance, and failing to provide verification of completion of community service.

examined the record and found no arguable grounds to advance on appeal, (2) served a copy of the brief and counsel's motion to withdraw on Leger, and (3) informed Leger of his right to review the record and to file a pro se response.[2]  *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.  More than an adequate period of time has passed, and Leger has not filed a pro se response. *See In re Schulman*, 252 S.W.3d at 409.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.  *Penson v. Ohio*, 488 U.S. 75, 80 (1988).  We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.  Accordingly, we affirm the judgment of the trial court.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, Leger's attorney has asked this Court for permission to withdraw as counsel for appellant.  *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must

---

[2]  The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered.  Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues."  *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to Leger and to advise him of his right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
25th day of March, 2010.

---

[3] No substitute counsel will be appointed. Should Leger wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3; 68.7. Any petition for discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.